**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN  DIVISION**

LEE R. MCGLOTHAN                                                                                           PLAINTIFF

VERSUS                                                                       CIVIL ACTION NO. 3:04CV95-B-A

JO ANNE B. BARNHART, Commissioner of
Social Security                                                                                                DEFENDANT

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), plaintiff Lee R. McGlothan seeks judicial review of the

decision of the Commissioner of Social Security denying the application of plaintiff for Social

Security Income benefits (SSI) under Titles II and XVI of the Social Security Act.  This action is

brought pursuant to 42 U.S.C. § 405(g).  The district court's jurisdiction over plaintiff's claim rests

upon 28 U.S.C. § 1331.

## STATEMENT OF THE CASE

Plaintiff Lee R. McGlothan protectively filed his application for disability income and

benefits on April 30, 2001, alleging an onset date of disability of February 23, 2001.  His claim was

denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law

judge (ALJ).  A hearing was held on May 15, 2003, and on May 23, 2003, the ALJ issued his

decision, which denied the claim on the basis that plaintiff was not disabled as defined under the

Social Security Act.  The plaintiff's request for review by the Appeals Council was denied on March

26, 2004.  The Appeals Council's denial of the petition for review perfected the ALJ's decision as

the final decision of the Commissioner, which is now ripe for the court's review.

Plaintiff was born on October 15, 1959, and was 43 years old at the time of the hearing before the ALJ. He completed school through the twelfth grade. He has past work experience as a concrete finisher. Plaintiff claims to have experienced pain in his left hip due to advanced avascular necrosis, which resulted in the collapse of the femoral head, and in his right shoulder. The plaintiff is indigent and, thus, does not have a primary healthcare provider, nor can he afford prescription medication. The plaintiff uses the emergency room as his primary means of receiving medical attention.

Upon reviewing the medical evidence present within the record, the ALJ determined that the plaintiff suffers from avascular necrosis; however, he also found that the plaintiff's impairment was "severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (Tr. 15.) The ALJ found that the plaintiff's allegations regarding his limitations were not entirely credible and that the plaintiff

> . . . is limited exertionally to light work (i.e., lifting/carrying a maximum of 20 pounds and 10 pounds frequently) which allows for a sit/stand option at will and which requires no more than occasional climbing, balancing, stooping, kneeling, crouching, crawling, and pushing/pulling. He is further restricted from working around heights, dangerous machinery, driving, and or quick movement to avoid dangers.

(Tr. 19.)

The ALJ then determined that plaintiff retained the residual functional capacity to perform a significant range of light work and that there were consequently a significant number of jobs in the national economy, including ticket seller and gate guard, that the plaintiff could perform.

## DISCUSSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence in the record as whole and whether the Commissioner used the correct legal standard. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance...." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103, 108 (2000)). However, a decision is not substantially justified if the facts are not fully and fairly developed. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (citing *Newton v. Apfel*, 208 F.3d 448, 458 (5th Cir 2000)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence leans against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment or combination of impairments is "severe" in that it has more than a minimal effect on the claimant's physical or mental ability to do basic work activities.[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P.[5] Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2005).

[2]*Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

[3]20 C.F.R. § 404.1527 (2005).

[4]20 C.F.R. §§ 404.1527, 416.972 (2005), *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2005).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2005).

[7]20 C.F.R § 404.1520(f), 416.920(f) (2005).

Commissioner proves other work exists which the plaintiff can perform, the plaintiff must then prove

that he cannot, in fact, perform that work.[8]  The plaintiff assigns four points of error, discussed

individually below.

A.    Whether the Commissioner Erred in Failing to Articulate Reasons for Not Fully Crediting
the Plaintiff's Pain.

The plaintiff argues that reverse and remand are necessary in order for the ALJ to engage in

a meaningful analysis of his pain and credibility because the ALJ offered no explanation for his

determination that the plaintiff's "complaints of pain and limitations are found to be credible and

convincing only to the extent that he is limited to a reduced range of light work." (Tr. at 16.)  Before

reaching this conclusion, the ALJ stated:

> However, to date the claimant has not had any such [hip
> reconstructive] surgery.  The claimant testified that he is not taking
> any medications on a regular basis.  This testimony is supported by
> pharmacy records . . . . There is no documentation of any adverse side
> effects related to prescribed medications.  Considering the abnormal
> x-ray findings and physical examinations which have revealed
> tenderness in the left hip, the Administrative Law Judge accepts the
> claimant's testimony that he has difficulty standing/walking or sitting
> for long periods.  However, the claimant testified that he spends time
> during the day sitting outside and admits that the use of cane was not
> prescribed by any physician.

(Tr. at 16.)

An ALJ must consider the claimant's subjective complaints of pain in determining the

plaintiff's residual functional capacity, and it is improper for an ALJ to make no finding as to the

plaintiff's subjective complaints of pain where he would be entitled to benefits if his claims were

believed.  *Carrier v. Sullivan*, 944 F.2d 243 (5th Cir. 1991).  It is within the ALJ's discretion to

---

[8]*Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

consider subjective evidence of claimant's impairments in light of objective medical evidence, and his determinations are entitled to considerable deference. *Wren v. Sullivan*, 925 F.2d 123, 128-129 (5th Cir. 1991) (citations omitted). Moreover, an ALJ may discredit a plaintiff's complaints of pain in light of medical reports, daily activities and the use of medications. Pursuant to Social Security Ruling 96-7p, the ALJ must base his determination on specific, express reasons. However, the ALJ should not base his decision on matters that stem solely from a plaintiff's financial inabilities. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). "If the uncontroverted medical evidence shows a basis for the claimant's complaints of pain, the ALJ's unfavorable credibility determination will not be upheld 'unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain.'" *Wilson v. Barnhart*, 129 Fed. Appx. 912, 914 (5th Cir. 2005) (citing *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989).

The ALJ stated that he had fully considered factors relating to the plaintiff's complaints in preceding paragraphs and concluded that the medical records substantiated plaintiff's claim that he has difficulty standing, walking or sitting for long periods. (Tr. at 16.) More importantly, the ALJ assigned articulated reasons which constitute substantial evidence for discrediting the plaintiff's credibility. Although some of his stated reasons tend only to show that the plaintiff is indigent rather than incredible, there nonetheless exists substantial evidence in the remaining, listed reasons. This court does not sit in a position to re-weigh the evidence; the Commissioner has satisfied her burden as to this issue in that the ALJ articulated his reasons for discrediting the plaintiff's statements regarding pain, and these reasons represent more than a mere scintilla of evidence. As such, the court affirms the Commissioner's decision as to this issue.

B.	Whether the Commissioner Improperly Issued a Residual Functional Capacity Assessment Without Supporting Medical Opinions.

Plaintiff argues that the ALJ failed to properly assess his physical abilities. In order for the ALJ's assessment of a plaintiff's residual functional capacity to be sustained, there must be substantial evidence of each physical requirement listed in the regulations. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 2005) (citing *Marks v. Apfel*, 13 F. Supp. 2d 319 (N.D.N.Y. 1998)). An ALJ is not qualified to interpret raw medical data in functional terms, and if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment then the ALJ's decision is not supported by substantial evidence. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 2005) (citing *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1ˢᵗ Cir. 1991) (citations omitted)); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, the Fifth Circuit holds that a non-examining physician's report cannot solely constitute substantial evidence. *Johnson v. Harris,* 612 F.2d 993, 996-98 (5th Cir. 1980). Social Security Ruling 96-8 requires that the ALJ include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." The ALJ must also explain how he resolved material inconsistencies or ambiguities in the evidence. SSR 96-8p: POLICY INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS.

The ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform "light work (i.e., lifting/carrying a maximum of 20 pounds and 10 pounds frequently) which allows for a sit/stand option at will and which requires no more than occasional climbing, balancing,

stooping, kneeling, crouching, crawling, and pushing/pulling." (Tr. at 15.) The ALJ restricted the plaintiff from working "around heights, dangerous machinery, driving, and or quick movements to avoid dangers." (*Id.*) The ALJ prefaced his determination of the plaintiff's RFC by stating, "[c]onsidering the claimant's history of left hip pain with x-ray findings of avascular necrosis, the Administrative Law Judge finds . . . ," (*id.*), then stated that, in assessing the plaintiff's RFC, "careful consideration has been given to all the evidence of record, including the opinion of the Disability Determination Services (DDS) consultant," (*id.*), and concluded that his findings were consistent with the limitations fixed by the DDS medical consultant. (*Id.*)

The DDS report of February 2002 indicates that there was no treating or examining source statement regarding the claimant's physical capacities in the file used to complete the report. (Tr. at 144.) Because the DDS medical consultant is a non-examining physician, this report alone cannot constitute substantial evidence. *Johnson,* 612 F.2d at 996-98. The ALJ's conclusory statement that he used "all the evidence of record" likewise fails to meet the burden of substantial evidence – such a blanket statement standing alone, and particularly where the court has been unable to find support in the record, provides less than a scintilla of support for his determination. (Tr. at 15.) Furthermore, the ALJ failed to include a narrative discussion of how each piece of evidence, be it medical or nonmedical, supported each conclusion in his RFC assessment. Despite the Commissioner's contentions contra, it is irrelevant that the ALJ briefly recounted the medical evidence present within the record where that evidence was insufficient in the first place, and thus could not have been used in the ALJ's RFC determination.

There is simply no substantial affirmative evidence supporting the ALJ's findings on each physical requirement listed in the regulations as there is no treating physician's assessment that supports the ALJ's residual functional capacity findings as to each function. The only real medical

evidence regarding the plaintiff's physical abilities is a November 15, 2000 report completed by Dr. Ernest B. Lowe and a March 4, 2003 description prepared by Dr. D. L. Harrison, Jr. Upon physically examining the plaintiff, Dr. Lowe noted that plaintiff "has difficulty squatting and has to hold onto the chair because of pain in his left hip," an objective medical finding which should have been utilized by the ALJ in assessing the plaintiff's ability to stoop and crouch. (Tr. at 99.) However, the ALJ makes no mention of this statement in his analysis. Interestingly, the record indicates that Dr. Lowe completed a medical assessment form; however, this form is not included within the record. (*Id.*) In analyzing the plaintiff's subjective complaints of pain, the Commissioner does rely upon a statement made by Dr. Harrison in a report made after he physically examined the plaintiff in which the doctor notes that the plaintiff uses a cane and "walks relatively straight." (Tr. at 192.) Certainly this statement cannot form the basis for substantial evidence – even when coupled with the DDS report – as to *each and every* function. As the Lowe report is not mentioned, the ALJ did not attempt to resolve the ambiguities between his findings, the DDS report and the three-word description provided by Dr. Harrison as required. For these failings, this case will be remanded to the ALJ for a proper analysis as to the plaintiff's RFC in accordance with the rules of law as outline above.

C.      <u>Whether the Commissioner Erred in Finding That the Vocational Expert's Testimony Supported the Existence of a Significant Number of Jobs.</u>

First, the plaintiff argues that the ALJ failed to make a specific finding as to the transferability of skills from the plaintiff's past work to the semi-skilled position of gate guard, which is required under Social Security Ruling 82-14. The Commissioner concedes that plaintiff's assertion is true and that remand is the proper remedy if the "court finds this absence significant," which the court so finds due to the social security ruling on point.

Second, the plaintiff asserts that the ALJ's failure to provide the vocational expert (VE) with the specific limitations as to the plaintiff's ability to stand, sit and walk in his hypothetical question is error. The Fifth Circuit has specifically held that "[u]nless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ . . . . a determination of non-disability based on such a defective question cannot stand." *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). To incorporate "all disabilities," the ALJ is required to include impairments and limitations which he has found. *Id.* A plaintiff need not draw the ALJ's attention to deficiencies within the hypothetical question in order to claim error. *Id.* In this instance, the true error is not the hypothetical question as the ALJ is only required to list limitations that he *found*. The specific limitations as to the plaintiff's specific abilities must be utilized in determining RFC, which the court has ruled must be reconsidered. The court assumes that the ALJ will incorporate these findings in any hypothetical question to be posed to a VE on remand.

D.      Whether the Appeals Council Erred in Failing to Remand Based on Dr. Adams's Consultative Opinion.

The plaintiff submitted to the Appeals Council an assessment prepared by Dr. Jim Adams at the request of the state agency three months after the ALJ rendered his decision. The report identifies more destruction of the left hip and finds that the right hip is also developing avascular changes. Dr. Adams noted atrophy of the left leg; however, he speculated that this may be due to the plaintiff's non-use of the leg. Interestingly, the report states, "[g]etting up on the examining table was not difficult, and he [the plaintiff] used the *left* leg to rise upon the end stool." (Pl.'s Brief, Exhibit A.)

The court may remand and order the Commissioner to consider additional evidence when there is a sufficient showing that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In the Fifth Circuit, the standard for materiality is whether there is a "reasonable possibility that [the evidence] would have changed the outcome of the [Commissioner's] determination." *Lovings v. Commissioner*, 914 F.Supp. 1432, 1433 (E.D. Tex. 1995) (citations omitted). Clearly the concept of materiality also encompasses a "timing element," which requires that material evidence must "relate to the time period for which benefits were denied." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (citation omitted). Newly discovered evidence is not sufficient to justify remand where the plaintiff fails to show that it does not relate solely to a condition that developed subsequent to the Commissioner's decision or resulted from "deterioration of a condition that was not previously disabling." *Leggett*, 67 F.3d 588, 567 (5th Cir. 1995).

Here, the evidence is new in that Dr. Adams's report was generated three months after the ALJ's decision. However, it relates to the contested time period as the findings are due to a longstanding condition; hence, it satisfies the timing element, a fact which the Commissioner nearly concedes. The other side of materiality, the possibility of a changed outcome due to this document, is more troublesome. The ALJ did not expressly specify the elements used in forming his decision as to the RFC, the determination to which the Adam's report relates, and this complicates the task of satisfying such a high burden. The report is proof that the plaintiff's condition is quickly deteriorating. However, regardless of the ALJ's misplaced reliance upon the DDS, the court is unable to conclude that there exists a reasonable possibility that inclusion of the Adams's report would have resulted in the ALJ finding the plaintiff was disabled, especially given the negative

11

statements found within the Adams's report which call into question the plaintiff's assertions. For this reason, the court finds that there was good cause for the failure to incorporate the report into the record.

## CONCLUSION

For the foregoing reasons, the court recommends that the Commissioner's final decision be reversed and this case remanded for further proceedings before the ALJ as to the plaintiff's residual functional capacity and the transferability of skills from the plaintiff's past work to the semi-skilled position of gate guard. The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 6th day of February, 2005.

                              /s/   S. ALLAN ALEXANDER
                              UNITED STATES MAGISTRATE JUDGE