IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEE R. MCGLOTHAN                                                                                      PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:04CV95-B-A

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY                                                                              DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's motion for attorney's fees wherein plaintiff requests $4,838.32 in attorney's fees, expenses of $41.20 and – from the Judgment Fund – costs of $150.00 for his filing fee. Plaintiff asserts that his counsel Gary R. Parvin and Mr. Parvin's office spent 31.7 hours working on plaintiff's claim in order to prevail. Of these hours, 27.8 hours of work were performed at a rate of $151.60 per hour in 2004, and 3.9 hours were completed at a rate of $159.60 per hour in 2006.

The Equal Access to Justice Act ("EAJA") provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, an award of fees is mandated if (1) the claimant is a "prevailing party;" (2) the position of the United States was not "substantially justified;" and (3) there are no special circumstances that make an award unjust. *See Commissioner v. Jean*, 496

1

U.S. 154, 158 (1990); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The defendant has no objection and explicitly agrees to the plaintiff's request for attorney's fees including the amount represented by plaintiff. Consequently, the court finds that the plaintiff has satisfied these three prongs of the EAJA.

Finally, the EAJA requires that the court limit attorney awards to $125 per hour unless the court finds that an increase in the cost of living or other special factor justifies a higher amount. 28 U.S.C. § 2412(d)(1)(A). As this statutory cap was set in 1996, the court finds that the rates of $151.60 per hour for services performed in 2004 and $159.60 per hour for work performed in 2006 are reasonable and justified due to the increased cost in living.

For the foregoing reasons, the court recommends that attorney fees be awarded pursuant to the Equal Access to Justice Act in the amount of $4,879.52 and that the plaintiff be reimbursed his costs of $150 from the Judgment Fund. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association* , 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 29th day of March, 2006.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE